## STATE *v.* LANGLEY.

An allegation in an indictment which describes, defines, qualifies or limits a matter material to be charged, is a descriptive averment, and must be proved as laid.

A commissioner, appointed to take the deposition to be used in a libel for divorce, under the rule of court which requires all testimony in such case to be taken before a commissioner appointed by the court for that purpose, does not derive his authority to administer the oath to the deponents, from his appointment, nor does the appointment define, or in any way qualify or limit his authority to administer the oath.

In an indictment for perjury, assigned in the testimony contained in such deposition, it was alleged that the oath was administered by the commissioner on a day specified, he " then being a justice of the peace, and duly authorized to administer said oath;" and that the commissioner was appointed by the court at a term thereof subsequent to the day specified as that on which the oath was administered, — *held,* that the latter allegation was not descriptive, and might be rejected as surplusage.

INDICTMENT for perjury. The indictment alleges that on the sixteenth of September, 1854, a libel for divorce was filed with the clerk of the Supreme Court of Judicature for the county of Strafford, by the defendant, against Jane C. Langley, then his wife ; that the justices of said court, at the term thereof held at Concord, on the second Tuesday of December, 1854, duly appointed Charles H. Bell, commissioner, to take the testimony to be used in the hearing of said libel, the said Bell being then and there a justice of the peace for said county ; that the defendant, at Somersworth, in said county, on the twenty-eighth of November, 1854, made oath to a deposition signed by him before said Bell, commissioner and justice of the peace, as aforesaid, there and then having sufficient and competent power and authority, and being duly authorized by law to administer said oath to said Langley. The perjury is assigned in the testimony of the defendant contained in said deposition, alleged to have been sworn to before the said Bell on the twenty-eighth of November, 1854. The defendant moved to quash the indictment because it did not charge any offence, it appearing by the allegations of the indictment that the commissioner received the commission which

authorized him to administer the oath on the second Tuesday of December, 1854, and that the oath was administered before that time, to wit, on the twenty-eighth of November preceding.

*Hamlin*, County Solicitor, in behalf of the State, cited the 4th sec. of chap. 231 of the Comp. Stat., and contended that if the entire averment in relation to the fact, manner and time of the appointment of the commissioner were rejected, the indictment would still be complete ; and in support of the position that this might be rejected as surplusage, he cited 15 N. H. 218 ; Ib. 238 ; 3 Pick. 281 ; 4 Pick. 252 ; Ib. 251 ; 13 Pick. 359, and 1 Met. 288.

*R. Eastman*, for the respondent, argued that the authority of the commissioner to administer the oath was derived from his special commission to take the testimony in the particular cause, and that the commission must be proved as laid, and cited 3 Greenl. Ev., sec. 190 ; 3 Stark. 1135, and *Rex* v. *Punshon*, 3 Camp. 96 ; that though, by sec. 4, of chap. 217, of the Revised Statutes, it is declared to be unnecessary to set out specifically the authority of the person administering the oath, yet the authority being set forth as under and in virtue of the commission, the government is bound to prove the commission as charged, and that upon such proof it would appear that no perjury had been committed, the time of taking the oath being prior to the existence of the authority to administer it, and this appears upon the face of the indictment, and that the allegation could not be rejected as surplusage, a commission being necessary under the rule of court in such case.

SAWYER, J. When an indictment contains an allegation which is descriptive of some matter material to be charged, the allegation can never be rejected as surplusage, but must be proved as laid. If, in describing any person or thing necessary to be set forth in the indictment, it is done with circumstances of more minuteness and particularity than is required, those cir-

cumstances all become material, and must be proved as laid, otherwise the person or thing shown by the proof will not appear to be identical with that alleged.

If a recovery is to be had, it must be *secundum allegata et probata ;* and the rule is one of entire inflexibility in respect to all such descriptive averments of material matters. The cases upon this point, many of which are collected in the case of *State* v. *Copp*, 15 N. H. 215, are quite uniform. The rule admits of no question. Its application is sometimes a matter of doubt. A familiar illustration of it is the case of an averment, in an indictment for resisting an officer in the execution of his duty, that he was duly appointed and qualified. It is sufficient to allege that the officer was sheriff, constable, &c., for his county or town, and parol evidence, showing that he was acting as such officer, in the discharge of the duties of the office, would be sufficient to sustain the indictment without proof of his appointment and qualification. But when it is alleged that he was duly appointed and qualified — this averment being of a character to define and describe his official authority — the material matter to be charged must be proved by the production of the proper evidence to show his legal appointment, and the taking of the oath of office, where that is required by law. Whenever the allegation is one which thus describes, qualifies, defines, or limits the thing material to be averred, it becomes an essential part of the legal claim or charge set out, and is a descriptive averment, to be proved.

The indictment in this case alleges that the defendant made oath to the deposition in which is contained the perjury assigned, on the twenty-eighth of November, 1854, and that the oath was taken before Charles H. Bell, Esq. In order to set forth the crime of perjury, it was necessary to aver in the indictment that Mr. Bell had competent authority to administer the oath. By the provisions of sec. 4, chap. 217, Rev. Stat., it is sufficient for this purpose, to allege the matter in those general terms, without setting forth the official character of the magistrate administering the oath, or otherwise specifying the particular

authority under which he acted. The allegation which the statute pronounces sufficient, is made by the averment, " he then having sufficient and competent power and authority, and being duly authorized by law to administer said oath." The indictment, however, contains the further allegation that the justices of the Superior Court, at the term thereof held on the second Tuesday of December, 1854, appointed Mr. Bell a commissioner to take the testimony in the case in which the deposition was to be used. If this is an averment descriptive of any material matter charged, then it is itself material, and must be proved, although unnecessary to have been alleged. It is contended by the counsel for the respondent that it defines and qualifies the authority of Mr. Bell to administer the oath. If it has this operation, then it is clear, according to the allegations of the indictment, the oath was taken prior to the existence of the authority under which it is alleged to have been administered, and upon this view the indictment fails to set forth the crime of perjury. We think, however, this view cannot be sustained. By the rule of court, testimony taken in a libel for divorce must be taken by a commissioner appointed by the court for that purpose. The appointment, however, does not confer upon the commissioner authority to administer the oath to the deponents. It is merely a designation by the court from among the multitude who have that authority by virtue of their official character, of one deemed suitable and proper for that service in the particular case. If the indictment merely alleged that the oath was administered by Mr. Bell, he being a commissioner appointed by the court to take the testimony in the case, there can be no doubt it would be defective, because it would not set forth any legal authority to administer the oath. The authority must exist by virtue of the official character of the commissioner, independent of the appointment. That adds nothing to his authority in reference to his power to administer the oath. It merely selects him as a proper magistrate already qualified to administer it, for the exercise of the power in that case. The rule of court may exclude the deposition, when not taken by a commissioner so

State *v.* Langley.

appointed, from being used in the case, as a defective caption or the interest or consanguinity of the magistrate may exclude one taken to be used before the jury. To constitute perjury it is necessary that the false testimony be in relation to matters material to the issue, but it is not material to the perjury that the testimony is in such form or comes from such sources, or through such channels that it is competent to be used at the hearing for which it was taken. The whole of the allegation relative to the appointment of the commissioner is immaterial, and may be rejected as surplusage, and the motion to quash should be denied.